# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BLACK, | CASE NO. 1:06-CV-01105-OWW-DLB-P |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (Doc. 1) |
| KEN CLARK, et al., | |
| Defendants. | |

I.   Screening Order

    A.   Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 22, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### B. Summary of Plaintiff's Complaint

The events at issue in this action allegedly occurred at Corcoran State Prison, where plaintiff is presently incarcerated. Plaintiff names Warden Ken Clark as the only defendant.

Plaintiff alleges that Warden Clark is violating his rights under the Eighth Amendment by not following prison regulations which require prisoners in segregated housing to have the same visitation privileges as inmates in general population. Plaintiff alleges he is being denied contact visits with his family in violation of the Eighth Amendment.

"Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id. Thus, the application of Title 15 regulations, the violation of Title 15 Regulations, or

the incorrect application of Title 15 regulations does not support a claim for relief under section 1983 for violation of the Constitution, unless the application, violation, or misapplication impinges upon a constitutional right.

The Due Process Clause protects prisoners from being deprived of life, liberty or property without due process of law. Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60 (1989). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). "The denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence,' and therefore is not independently protected by the Due Process Clause." Kentucky Dep't of Corr., 490 U.S. at 460 (quoting Hewitt, 459 U.S. at 468). With respect to whether plaintiff has a liberty interest arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Plaintiff does not have a constitutionally protected right to contact visitation. See Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994) (per curiam); Casey v. Lewis, 4 F.3d 1516, 1523 (9th Cir. 1993); Toussaint v. McCarthy, 801 F.2d 1080, 1113-114 (9th Cir. 1986). As a result, plaintiff has not stated a claim of constitutional significance stemming from the denial of contact visitation. Accordingly, plaintiff fails to state a claim upon which relief may be granted for violation of the Due Process Clause.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of

1  confinement, prison officials may be held liable only if they acted with "deliberate indifference to
2  a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

3        "What is necessary to show sufficient harm for purposes of the Cruel and Unusual
4  Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8
5  (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive
6  to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme
7  deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim."
8  Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part
9  of the penalty that criminal offenders pay for their offenses against society, only those deprivations
10 denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis
11 of an Eighth Amendment violation." Id. (quotations and citations omitted).

12       Although plaintiff alleges the visitation restrictions violated his rights under the Eighth
13 Amendment, the restrictions at issue simply do not rise to the level of an Eighth Amendment
14 violation. See Overton v. Bazzetta, 539 U.S 126, 136-37, 123 S.Ct. 2162, 2170 (2003).

15       In addition, under section 1983, liability may not be imposed on supervisory personnel for
16 the actions of their employees under a theory of respondeat superior. When the named defendant
17 holds a supervisorial position, like Warden Clark, the causal link between the defendant and the
18 claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858,
19 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
20 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must
21 allege some facts indicating that the defendant either: personally participated in the alleged
22 deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or
23 promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of
24 constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885
25 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th
26 Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support
27 claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168
28 (1993). Warden Clark's position as warden, without more, is insufficient.

The court finds that plaintiff's complaint does not state any cognizable claims for relief under section 1983 against defendant Clark. The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, plaintiff must file an amended complaint curing the deficiencies identified by the court in this order;
3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **April 19, 2007**                    /s/ **Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE